UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| UNITED STATES OF AMERICA., | Case No. 11-CR-0109 (PJS/JJG) |
|---|---|
| Plaintiff, | Case No. 16-CV-2629 (PJS) |
| v. | |
| ANTONIUS BRETT EL-X, | ORDER |
| Defendant. | |

Antonius Brett El-X, pro se.

This matter is before the Court on defendant Antonius Brett El-X's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 118. The Court has reviewed El-X's motion, the attached exhibits, and the record of prior proceedings in the case, as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Based on that review, the Court concludes that El-X is probably not entitled to relief under § 2255. El-X pleaded guilty to robbing a taxi driver in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and he was sentenced to 176 months in prison. ECF Nos. 102, 103, 116. El-X did not appeal his sentence, so it became final 14 days later on August 6, 2012. *Compare Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (noting that a sentence becomes final when the time period for filing a notice of appeal expires), *and* Fed. R. App. P. 4(b)(1)(A) (giving a criminal defendant 14 days to

appeal his sentence after the sentence is entered), *with* ECF No. 116 (entering El-X's sentence on July 23, 2012).[1]

Almost four years passed before El-X brought this § 2255 motion. *Compare Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (holding that a § 2255 motion should be deemed timely when an inmate deposits the motion in the prison mail system before the filing deadline expires), *with* ECF No. 118 at 12 (certifying that El-X's § 2255 motion was placed in the prison mailing system on August 1, 2016). In his § 2255 motion, El-X argues that his sentence was imposed in violation of law because (1) the government failed to file an indictment or an information informing him that he could receive a longer sentence because of his prior convictions; and (2) he was incorrectly classified as a career offender when he was sentenced. ECF No. 118 at 4-7.

At first glance, both of these claims appear to be barred by the one-year limitations period imposed by 28 U.S.C. § 2255(f), as El-X did not file his § 2255 motion within one year of "the date on which the judgment of conviction bec[ame] final." 28 U.S.C. § 2255(f)(1). Nor do El-X's claims appear to rely on any right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). In his § 2255 motion, El-X states that:

---

[1]El-X's sentence was imposed on July 20, 2012, but it was not entered until July 23, 2012. *See* ECF No. 116 at 1.

> Based on correspondence from the Federal Public Defender's Office, []the petitioner was caused to believe that a habeas petition[] would be filed by that office preserving my rights created by *Johnson v. United States*, 135 S. Ct. 2551 (2015). It was not until after passage of the one-year date for filing a claim under the *Johnson* decision that the petitioner learned that the habeas petition had not been filed by the Public Defender's Office.

ECF No. 118 at 11.

The problem with this explanation is that El-X's motion does not rely on the Supreme Court's 2015 *Johnson* decision. Instead, El-X relies on the Supreme Court's 2010 *Johnson* decision and a few other cases to argue that his prior state convictions should not be considered "crimes of violence" under the Guidelines' "force clause." *See* ECF No. 118 at 4-7. (The Supreme Court's 2015 *Johnson* decision had nothing to do with the force clause.)

Before the Court dismisses El-X's motion, the Court will give El-X a chance to respond to what the Court has said in this order and present argument or evidence that his motion is timely under § 2255(f). *See Martinez v. United States*, 423 F. App'x 650, 650 (8th Cir. 2011) (holding that courts should "accord parties fair notice and opportunity to respond" before sua sponte dismissing a § 2255 motion as untimely).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT El-X may, no later than Friday, June 30, 2017, file a

response to this order showing cause why his § 2255 motion [ECF No. 118] should not be dismissed as untimely under 28 U.S.C. § 2255(f).

Dated:  May 25, 2017                         s/Patrick J. Schiltz
                                             Patrick J. Schiltz
                                             United States District Judge