UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA.,                    Case No. 11-CR-0109 (PJS/JJG)
                                              Case No. 16-CV-2629 (PJS)
                    Plaintiff,

v.
                                                        ORDER
ANTONIUS BRETT EL-X,

                    Defendant.

Antonius Brett El-X, pro se.

This matter is before the Court on defendant Antonius Brett El-X's motion to vacate,

set aside, or correct his sentence under 28 U.S.C. § 2255.  ECF No. 118.  The Court

previously asked El-X to explain why his motion should not be denied because it was filed

more than one year after his sentence became final.  ECF No. 120.  Instead of explaining

why his motion was timely, El-X repeated his argument that he was improperly sentenced

as a career offender.  *See* ECF Nos. 121-23.

A § 2255 motion may be filed within one year of "the date on which the judgment of

conviction becomes final."  28 U.S.C. § 2255(f)(1).  As the Court observed in its previous

order, however, El-X did not file his § 2255 motion until August 1, 2016.  This was almost

four years after his sentence became final on August 6, 2012.  *See* ECF No. 120 at 1-2.

Therefore, El-X's motion is not timely under § 2255(f)(1).

Alternatively, a § 2255 motion may be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). El-X cites several Supreme Court decisions in his § 2255 motion and his subsequent filings: *Mathis v. United States*, 136 S. Ct. 2243 (2016); *Welch v. United States*, 136 S. Ct. 1257 (2016); *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015); *Descamps v. United States*, 133 S. Ct. 2276 (2013); *Curtis Johnson v. United States*, 559 U.S. 133 (2010); *Shephard v. United States*, 544 U.S. 13 (2005); and *Taylor v. United States*, 495 U.S. 575 (1990).

But "*Mathis* did not announce a 'new' rule of constitutional law." *United States v. Pape*, No. 12-CR-0251, 2017 WL 235178, at *3 (D. Minn. Jan. 18, 2017). It simply applied existing Supreme Court precedent to an Iowa statute. *See Mathis*, 136 S. Ct. at 2251-54; *see also United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) ("[T]he Supreme Court explicitly stated in *Mathis* that it was not announcing a new rule . . . .").

*Samuel Johnson* did "announce[] a new rule of constitutional law," which *Welch* then made retroactively applicable to cases on collateral review. *Donnell v. United States*, 826 F.3d 1014, 1015 (8th Cir. 2016). But El-X did not file his § 2255 motion within one year of *Samuel Johnson*. And in any event, El-X's claim does not actually rely on *Samuel Johnson*.

*Samuel Johnson* invalidated the residual clause of the Armed Career Criminal Act, whereas El-X's § 2255 motion argues that his prior conviction for Hobbs Act robbery should not be considered as a crime of violence under the elements clause or the force clause of the career-offender guideline.[1]  Because El-X's motion "is not truly based upon [*Samuel*] *Johnson*, it does not get the benefit of the new one-year limitations period established by § 2255(f)(3)."  *United States v. Munoz*, 198 F. Supp. 3d 1040, 1044 (D. Minn. 2016); *see also Stanley v. United States*, 827 F.3d 562, 565 (7th Cir. 2016) (noting that *Samuel Johnson* "does not have anything to do with the elements clause of either the Guidelines or the Armed Career Criminal Act," so it does not give federal prisoners "a new one-year period to seek collateral relief on a theory that the elements clause does not apply to a particular conviction").

And finally, El-X did not file his § 2255 motion within one year of *Descamps*, *Curtis Johnson*, *Shephard*, or *Taylor*.  *Descamps* also did not recognize a new constitutional right. *See Headbird v. United States*, 813 F.3d 1092, 1094-97 (8th Cir. 2016).

---

[1]El-X also devotes one paragraph in his § 2255 motion to pointing out that the government "never filed an Information serving notice of the Government's intention to seek an enhanced sentence" based on his career-offender status.  ECF No. 118 at 4.  Again, though, this argument does not have anything to do with *Samuel Johnson*.

Because El-X did not file his § 2255 motion within one year of the date on which his sentence became final, or within one year of the date on which the Supreme Court recognized a new constitutional right that entitles him to relief, his motion is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.      Defendant's motion to amend [ECF No. 121] and defendant's motion to file a supplemental petition [ECF No. 122] are GRANTED.

2.      Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [ECF No. 118] is DENIED.

3.      No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  August 23, 2017                              s/Patrick J. Schiltz                              
                                                     Patrick J. Schiltz
                                                     United States District Judge