UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 11-CR-0109(1) (PJS/JJG) |
| Plaintiff, | |
| v. | ORDER |
| ANTONIUS BRETT EL-X, | |
| Defendant. | |

Defendant Antonius El-X is serving a 176-month sentence after pleading guilty to interference with commerce by robbery in violation of 18 U.S.C. § 1951(a). This matter is before the Court on El-X's motion for release under 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, El-X's motion is denied.

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" The Sentencing Commission has issued U.S.S.G. § 1B1.13, a policy statement that governs motions under § 3582(c)(1)(A). Section 1B1.13 was issued when the Bureau of Prisons had the sole authority to bring motions for release under § 3582(c)(1)(A). Unfortunately, § 1B1.13 has not been

updated to reflect that, as a result of the 2018 First Step Act, defendants now have the

ability to bring such motions directly.

This anomaly has given rise to a debate concerning whether and to what extent

§ 1B1.13 applies to motions filed by defendants, with several circuits recently holding

that § 1B1.13 applies only to motions filed by the Bureau of Prisons, and not to motions

filed by defendants on their own behalf.  *See United States v. McGee*, 992 F.3d 1035, 1050

(10th Cir. 2021); *United States v. McCoy*, 981 F.3d 271, 280–84 (4th Cir. 2020); *United States*

*v. Jones*, 980 F.3d 1098, 1108–11 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178,

1180–81 (7th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020).  The

Eighth Circuit has not yet addressed this issue.  For reasons that this Court has

explained at length in a prior order, this Court finds that "§ 1B1.13 does not apply to

motions for compassionate release filed by defendants," but that "§ 1B1.13's definition

of 'extraordinary and compelling' should be afforded substantial deference when a

court considers compassionate-release motions filed by defendants."  *United States v.*

*Logan*, No. 97-CR-0099(3) (PJS/RLE), 2021 WL 1221481, at *4 (D. Minn. Apr. 1, 2021).

El-X argues that his medical conditions render him particularly vulnerable to the

COVID-19 pandemic.  While his nearly 10-year-old presentence investigation report

supports some of his claimed medical conditions, El-X has not submitted anything more

recent to document the current state of his health.  Assuming nevertheless that El-X's

conditions would place him at increased risk, USP Beaumont presently does not have a

single infected inmate or staff member, and the Beaumont Federal Correctional

Complex as a whole has fully inoculated 1,431 inmates and 322 staff.[1]  The risk that El-X

will contract COVID-19 appears to be minimal.

El-X also contends that prison medical staff are not following proper COVID-19

safety protocols and that he is not receiving adequate medical care for his underlying

conditions.  Again, however, El-X has not submitted any medical records that would

show what kind of medical care he is receiving, and the absence of any active COVID-

19 cases at his facility severely undercuts his argument that he is at risk from

inadequate safety protocols.  Setting that aside, a § 3582 motion is not a proper vehicle

for raising constitutional challenges to conditions of confinement; instead, if El-X wishes

to challenge the conditions of his confinement, he must do so in a *Bivens* action filed in

the federal district in which he is confined.  *See United States v. Spencer*, No. 07-CR-

0174(1) (JRT/JJG), 2021 WL 849565, at *1 n.1 (D. Minn. Mar. 5, 2021) (declining to

consider constitutional claims in a § 3582 motion because they must be "made in a

properly filed *Bivens* complaint").[2]

---

[1]Federal Bureau of Prisons, *COVID-19 Coronavirus*,
https://www.bop.gov/coronavirus/index.jsp (last visited Apr. 26, 2021).

[2]*See also United States v. Howard*, No. 14-CR-99-1-JPS, 2021 WL 1515485, at *2 (E.D.
Wis. Apr. 16, 2021); *United States v. Partida*, No. CR-17-08260-001-PCT-DGC, 2020 WL
3050705, at *6 n.7 (D. Ariz. June 8, 2020); *United States v. Rodriguez-Collazo*, No. 14-CR-

Finally, El-X contends that his aunt would benefit from having him available to provide care.  El-X has not shown that his aunt is in need of care or that he is the only available caregiver, however.  *Cf.* U.S.S.G. § 1B1.13, cmt. n.1(C)(ii) (spouse's incapacitation is extraordinary and compelling when defendant is the only caregiver).

Even if El-X had established an extraordinary and compelling reason warranting his release, the Court would decline to release him in light of the sentencing factors set forth in 18 U.S.C. § 3553(a).  *See* § 3582(c)(1)(A) (court must consider § 3553(a) factors before reducing a sentence).  El-X has a very long and violent criminal history and has spent most of his adult life in prison or on supervision.  El-X's continued confinement is necessary to reflect the seriousness of his offense and especially to protect the public. *See* § 3553(a)(2).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion for release [ECF No. 135] is DENIED.

Dated: April 26, 2021                              s/Patrick J. Schiltz
                                                   Patrick J. Schiltz
                                                   United States District Judge

---

00378-JMY, 2020 WL 2126756, at *3 (E.D. Pa. May 4, 2020); *United States v. Numann*, No. 3:16-cr-00065-TMB, 2020 WL 1977117, at *4 (D. Alaska Apr. 24, 2020).